IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAIGE ANN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | 3-20CV3477-C |
| | ) | |
| VS. | ) | Civil Action No. _____ |
| | ) | |
| HARTLINE BARGER, L.L.P. | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

## COMPLAINT

Now come Plaintiff Paige Ann Thompson ("Thompson") against Defendant Hartline Barger, LLP ("Hartline") states as follows:

### THE PARTIES

1. Plaintiff Paige Ann Thompson is bringing this suit as a citizen of the State of Texas.

2. Defendant Hartline Barger is limited liability partnership registered under the laws of the State of Texas. At all times relevant, Hartline was engaged in the practice of law.

1

3. Defendant Hartline Barger, LLP is a law firm registered under the laws of Texas with its headquarters or principal place of business in Texas. At all times relevant, Hartline was in the business of practicing law.

## JURISDICTION

4. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because complete diversity exists and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

## VENUE

5. Venue is proper in this District under U.S.C. § 1391(a) because the acts or omissions giving rise to this claim occurred within this District.

## FACTS

6. Prior to January 10, 2020, Thompson was an employee of Hartline as a legal secretary. She began working at Hartline on or about December 18, 2017 as a temporary receptionist. Hartline acknowledged her worth when it hired Thompson permanently as a file clerk. After eight months of hard work and good reviews from Hartline's management, she was promoted to the job of legal secretary.

7. Upon becoming a legal secretary inuendo, subtle threats, and a hostile work environment began to take shape. Thompson began experiencing prejudicial treatment. In particular, Hartline distributed emails degrading and ridiculing Thompson's performance publicly. Thompson brought Hartline's abhorrent behavior to the attention of Hartline management only to experience even more degradation. In fact, she was socially segregated and maliciously forced to accept unfair treatment in order to keep her job. Hartline's cruel and unusual punishment became intolerable. However, due to Thompson's medical condition she was forced to tolerate the abuse. Even though Thompson was at risk of losing her job and consequently her health insurance, she informed management of the mental torture she endured. Upon learning of her abuse, Hartline fired her.

8. Following her termination, Paige filed a complaint with EEOC (Charge number 450-2020-04858) in March 2020. Processing the complaint was suspended while Paige obtained additional documentation requested by EEOC. Thereafter, the pandemic struck and EEOC rescheduled to August 2020 its processing of Paige's complaint. Paige signed her charge in mid August 2020 and the EEOC representative advised Paige that it would notify the firm of the charge but would also go forward with the issuance of a right to sue letter because of the delay caused by the pandemic. As such, the EEOC issued the right to sue letter on August 26, 2020.

9. In view of the above, it's concluded the evidence clearly supports a prima facie case of retaliation, i.e., several adverse actions were taken against Paige shortly after she participated in a protected activity (making a racial discrimination claim). See <u>Garcia v. Professional Contract Services Inc.</u> 938 F3d. 236, 243 (5 Cir. 2019). In this regard, Mr. Elkind's apparent objection to Paige's accommodation (workday ends at 1530) and Mr. Haylock's refusal to grant Paige's request to be separated from other office personnel who were harassing her are troublesome.

**COUNT I – Discrimination based on race and disability - 42 USCS § 2000e-2a**

10. Plaintiff Paige Thompson re-allege and incorporate paragraphs 1 through 9 above as though set forth fully herein.

11. Having been diagnosed with breast cancer, Paige in January 2019 requested a change in work schedule (0700-1530) in order to receive treatments and make other medical appointments. Everyone on her team agreed. In August 2019, however, she was severely criticized by one of the team attorneys, Steven Elkind, for being absent in the late afternoon. As a result, the office administrator at the time — Jane West - reassigned Paige to different attorneys - Jennifer DeVlugt and Christopher Allison — and a different paralegal, Susan Sanders. .

12. Upon joining her new team, however, Paige was immediately ostracized by Ms. Sanders and by another legal secretary — Robin Puntenney — who sat nearby. These two firm employees refused to speak to Paige unless it was to give instructions or to criticize. The situation deteriorated to the point that it was affecting Paige's mental and physical health. Her condition was so bad that Paige's oncologist withheld her cancer treatment and demanded that Paige go to HR for assistance. In September 2019, Paige complied with her oncologist's demand and contacted the new office administrator, George Haylock. At this meeting she filed a complaint with Mr. Haylock that she was being harassed/ostracized because of her race. In addition, she requested to be physically relocated away from Ms. Puntenney as an accommodation necessary for her to perform her assigned tasks. Mr. Haylock consulted with the managing partner Larry Grayson who refused Paige's requested accommodation. Subsequently, in October, Paige was relocated but only because Robin Puntenney needed Paige's desk to train a new hire (Alycia).

13. WHEREFORE, Plaintiff Paige Thompson respectfully request judgment in their favor and against Defendant Hartline Barger L.L.P., for at least approximately $50,000, together with costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II – Retaliation

14. Plaintiff Paige Thompson re-allege and incorporate paragraphs 1 through 12 above as though set forth fully herein.

15. In November 2019, Mr. Elkind once again demanded that Paige do work for him even though he was not one of her assigned attorneys. Paige reminded Mr. Elkind that she no longer worked for him and that she was very busy performing trial prep for her assigned attorney. Mr. Elkind then complained to Ms. DeVlugt who instructed Paige to do whatever Mr. Elkind wanted. Paige responded to Ms. DeVlugt's email and copied Mr. Haylock. As a result, Mr. Haylock suspended Paige one day without pay for "work performance," "attitude," and for "moving desks."

16. Upon Paige's return, Mr. Haylock then placed Paige on a 30 day probation. During this period, however, no one met with her to discuss her performance. The probation ended in late December 2019, and, subsequently, on January 10, 2020, the firm terminated Paige without explanation.

17. WHEREFORE, Plaintiff Paige Thompson respectfully request judgment in their favor and against Defendant Hartline Barger L.L.P., for at least approximately $50,000, together with costs, interest, and any other relief deemed appropriate by the Court.

18.

|     | Respectfully Submitted, |
|-----|------------------------|
| By: | *s/ Paige Thompson*<br>Pro Se<br>2634 Santa Cruz Drive<br>Dallas, Texas  75227<br>*Pro Se Plaintiff* |

AO 440 (Rev 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the Northern District of Texas

Paige Ann Thompson
_Plaintiff_

v.                                    Civil Action No.

Hartline Barger L.L.P.
_Defendant_

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Hartline Barger L.L.P.
8750 North Central Expressway
Suite 1600
Dallas, Texas 75231

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Paige Thompson - Pro Se
2634 Santa Cruz Drive
Dallas, Texas 75227

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____                 _____
                                       *Signature of Clerk or Deputy Clerk*

JS 44 (Rev 10/20) - TXND (Rev 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paige Ann Thompson

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se

## DEFENDANTS
Hartline Barger L.L.P.

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED
NOV 24 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

(Checkbox 442 Employment is marked)

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII - Civil Rights Act of 1964
Brief description of cause:
Discrimination based on race & disability + Retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
- DEMAND $ 50,000
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/23/2020
SIGNATURE OF ATTORNEY OF RECORD: Paige Thompson - Pro Se

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____